# 21-286-cv

_____

## In The United States Court of Appeals
## For the Second Circuit

_____

Piyush Paleja,

Plaintiff-Appellant,

-against-

KP NY Operations LLC d/b/a Kailash Parbat,

Defendant-Appellee.

_____

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

## BRIEF OF PLAINTIFF-APPELLANT PIYUSH PALEJA

_____

David Abrams, Attorney at Law
*Attorney for Plaintiff-Appellant*
305 Broadway Suite 601
New York, NY 10007
212-897-5821
*dnabrams@gmail.com*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... ii

JURISDICTIONAL STATEMENT .............................................................................1

ISSUES PRESENTED ..................................................................................................1

STATEMENT OF FACTS & PROCEDURAL HISTORY ..............................2

SUMMARY OF ARGUMENT....................................................................................3

ARGUMENT ..................................................................................................................4

    STANDARD OF REVIEW...................................................................................4

    NON-EXEMPT EMPLOYEES ARE ENTITLED TO
    OVERTIME PREMIUMS.....................................................................................4

    MR. PALEJA ADEQUATELY ALLEGED A VIOLATION .....................5

    IN THIS CASE IT IS REASONABLE TO PLEAD
    WAGES AND HOURS IN THE AGGREGATE............................................6

    MR. PALEJA SHOULD BE GIVEN LEAVE TO
    AMEND THE COMPLAINT ..............................................................................8

CONCLUSION ..............................................................................................................9

# <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>

*Allaire Corp. v. Okumus*  433 F.3d 248 (2d Cir. 2006)...................................4

*Banford v. Entergy Nuclear Operations, Inc.*, 74 F. Supp.2d 658 (D. Vt. 2015), *aff'd*, 649 Fed. Appx. 89 (2d Cir. 2016) ........................................ 4,5,6

*Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942)........... 6

*Williams v. Citigroup, Inc.*, 659 F.3d 208 (2d Cir. 2011) ..............................8

*Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 91 (1917)...........................6

<u>Rules & Regulations</u>

29 C.F.R. 778.500(a). ....................................................................................8

Fed. R. Civ. Proc. 8(e) ..................................................................................5

## Jurisdictional Statement

This is an appeal from a judgment entered by the United States District Court for the Southern District of New York (Judge Torres) dismissing Plaintiff-Appellant's ("Mr. Paleja's") Amended Complaint on a motion pursuant to F.R.C.P. 12(b)(6) and denying him leave to amend. The District Court held that that the Amended Complaint did not state a claim under the Fair Labor Standards Act and declined to exercise supplemental jurisdiction over Mr. Paleja's state law claims.

As set forth in more detail below, the Amended Complaint did state a claim and Mr. Paleja should have been given leave to amend.

The District Court's Judgment was entered on January 15, 2021 and Mr. Paleja timely filed a Notice of Appeal on February 10, 2021. This Court has jurisdiction over Mr. Paleja's appeal pursuant to 28 U.S.C. Section 1291 and since the Order and Judgment appealed from were final in that they closed the case.

## Issues Presented

1. Whether a non-exempt employee who is paid a salary which is subject to reduction is entitled to overtime premiums under the FLSA if the employee regularly works more than 40 hours per week.

2. Whether the Amended Complaint adequately alleged such a violation.

3.       Whether Plaintiff should have been given leave to further amend.

<u>**Statement of Facts & Procedural History**</u>

The Defendant in this matter, KP NY Operations LLC d/b/a Kailash Parbat (the "Employer") operates a restaurant in Manhattan.  (A-9, A-10) Mr. Paleja was employed by the Employer as a chef for approximately 6 years until his separation from employment in or about October of 2019. (A-10).

Plaintiff alleges that regularly worked in excess of 40 hours per week. Although his total number of hours varied from week to week his typical week days and hours were approximately 70 hours -- 11am to 11pm, 6 days per week.  (A-10)  For its part, the Employer disputes the 70 hour figure, estimating that Mr. Paleja worked approximately 45 hours per week.  (A-14, A-62).

In terms of compensation, Plaintiff was paid a salary of approximately $1400 per week which was subject to docking.  (A-10)  Thus, there is absolutely no dispute -- even at the pleading stage -- that Plaintiff regularly worked overtime but did not receive overtime premiums.

Mr. Paleja filed suit in District Court and submitted an amended complaint which detailed his approximately days and hours and even included a sample week complete with a calculation of the overtime he was

owed for that week.  (A-10 A-11)  Mr. Paleja subsequently moved to amend

the summons and complaint to add the Employer's principal, Mr. Gary

Mulchandani.    (A-86 - A-98)

The District Court granted the Employer's motion to dismiss, holding

that Mr. Paleja had not plausibly alleged an FLSA violation. (A-256 - A-

261) The District Court also denied Mr. Paleja's request for leave to amend

to add Mr. Mulchandani as a defendant and did not respond to Mr. Paleja's

request to further amend the Amended Complaint to correct any

deficiencies.  (*Id.*)

## Summary of Argument

A non-exempt employee who is paid a salary which is subject to

docking is owed overtime premiums if he or she regularly works in excess of

40 hours per week.  This is a common sense proposition adequately

supported by precedent.

Further, the Amended Complaint in this matter adequately alleges

such a violation.  This is especially so in light of the fact that the Employer's

own submission substantially confirms Mr. Paleja's allegations.

Nevertheless, if there is something important missing from the

Amended Complaint, Mr. Paleja should be given further leave to amend.

Further, Mr. Paleja should be given leave to add the Defendant's principal as a Defendant.

**Argument**

**I.      Standard of Review**

Mr. Paleja is entitled to *de novo* review of the Court's grant of a Rule 12(b) motion to dismiss.  *Allaire Corp. v. Okumus*  433 F.3d 248, 249-250 (2d Cir. 2006).

**II.     Non-Exempt Employees Are Entitled to Overtime Premiums**

A non-exempt employee who is paid a salary which is subject to docking is owed overtime premiums if he or she regularly works in excess of 40 hours per week.  This is a common sense proposition adequately supported by precedent.  For example, in the case of *Banford v. Entergy Nuclear Operations, Inc.*, 74 F. Supp.2d 658 (D. Vt. 2015), *aff'd*, 649 Fed. Appx. 89 (2d Cir. 2016), one of the Plaintiffs, a Mr. McGratty, was a supervisor who (1) regularly worked in excess of 40 hours per week; and (2) was paid a salary which was subject to docking.  This individual prevailed in his FLSA claim.  *See id.* at 664.

The Second Circuit affirmed this result, with the only issue being whether Mr. McGratty was entitled to damages based on the fluctuating

4

workweek method of calculation. *See Banford v. Entergy Nuclear Operations, Inc.*, 649 Fed. App'x 89 (2d Cir. 2016).

### III. Mr. Paleja Adequately Alleged a Violation

The Amended Complaint in this matter clearly alleges that Mr. Paleja was paid a salary subject to docking and that he regularly worked in excess of 40 hours per week. The Amended Complaint goes so far as to include a sample week with a calulcation of how Mr. Paleja's damages should have been calculated for that week.

Indeed, the Employer's submissions substantially confirm these allegations in that they allege (1) that Mr. Paleja regularly worked 45 hours per week; and (2) that he was paid a salary during the relevant time period. It is difficult to see what more Paleja would need to allege to bring this case under the precedent of *Banford*. As stated by Rule 8(e): "Pleadings must be construed so as to do justice."

The primary discernable difference between this matter and *Banford* is that the Complaint here provides less detail about the docking issue than did the live testimony in *Banford*. Significantly, the Defendant never argued that this was some kind of fatal flaw in the Amended Complaint, and if it had, Plaintiff would have heaped on the relevant details rather than debate whether it is necessary to include them. As Justice Cardozo famously held a

century ago, "[t]he law has outgrown its primitive stage of formalism when the precise word was the sovereign talisman, and every slip was fatal." *Wood v. Lucy, Lady Duff-Gordon*, 222 N.Y. 88, 91 (1917).

The only other discernable difference between this matter and *Banford* is that in *Banford*, the parties apparently agreed that the Plaintiffs worked 48 hours every other week. Here, one side says that Mr. Paleja worked 70 hours per week while the other says that he worked only 45 hours per week. But it is difficult to see why this issue should matter at the pleading stage.

## IV. In This Case It is Reasonable to Plead Wages and Hours in the Aggregate

As noted in Mr. Paleja's submissions below, this matter is controlled by the Supreme Court's decision in *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572 (1942). The worker in *Overnight Motor Transportation*, Mr. Missel, was paid $27.50 per week for an average workweek of 65 hours (and a maximum of 80 hours). *Id.* at 574. Mr. Missel prevailed in his FLSA claim even though his total wages were substantially higher than minimum wage. *See id.* at 577.

But for purposes of this matter, one can ask how Mr. Missel's allegations should have been pleaded. What choice did Mr. Missel have but to allege his wages and hours in the aggregate? What more is there to be

pleaded besides (1) his weekly salary; (2) his weekly hours; and (3) the fact that he was non-exempt? His normal schedule? (This was included in Mr. Paleja's complaint.) A sample week complete with a back-wage damages calculation? (This was included in Mr. Paleja's complaint). The circumstances under which the Plaintiff's salary could be docked? (This was not included in the complaint but could be easily added.) The precise starting and finishing times for each day of work? (Such a requirement would allow employers to immunize themselves from FLSA liability through the simple expedient of failing to install a time clock.) What else could have been included? What else should have been included?

If this Court determines that something important was missing from Mr. Paleja's complaint, it would be extremely helpful if the Court would state specifically what should have been included. And how an employee claiming to have been misclassified as exempt from overtime can avoid pleading his or her wages and hours "in the aggregate." The entire point of misclassification cases is that employer can *not* satisfy their FLSA obligations by paying the worker an aggregate weekly salary.

This is a serious and important question: How is a misclassified employee supposed to plead an overtime claim without alleging his or her weekly wages and hours "in the aggregate"? How can it possibly be done?

If the District Court's decision is affirmed, the practical effect will be to close the door on essentially all FLSA misclassfication claims.

From a mathematical perspective, it is almost *always* possible to characterize a weekly salary in such a way as to include overtime payments. But applicable authority makes clear that such recharacterization is impermissible. *See* 29 C.F.R. 778.500(a).

**V.      Mr. Paleja Should be Given Leave to Amend the Complaint**

Mr. Paleja's proposed Amended Summons and Complaint clearly state a cause of action against Mr. Mulchandani.  Moreover, if there is anything important missing on the FLSA allegations, Mr. Paleja should be given further leave to amend.  See, e.g., *Williams v. Citigroup, Inc.*, 659 F.3d 208 (2d Cir. 2011).  *See also* A-84 to A-85 (requesting further leave to amend).

Thus, in the event that the Court's basis for dismissing the Amended Complaint was legitimate, Plaintiff should be given some kind of meaningful opportunity to further amend.  At a minimum, Plaintiff respectfully requests guidance from this Court as to what specifically a salaried misclassified employee needs to allege to succeed on an FLSA claim.

## **Conclusion**

For the foregoing reasons, it is respectfully submitted that the District

Court's judgment should be reversed.

Respectfully submitted,

David Abrams, Attorney at Law
 Attorney for Plaintiff/Appellant
Paleja
305 Broadway Suite 601
New York, NY 10007
Tel. 212-897-5821  dnabrams@gmail.com

Dated:     New York, NY
           March 24, 2021