MANDATE

21-286-cv
*Paleja v. KP NY Operations LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT: JOSÉ A. CABRANES,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

_____

PIYUSH PALEJA,

*Plaintiff-Appellant*,

v.                                                                                              21-286-cv

KP NY OPERATIONS LLC, AKA Kailash Parbat,

*Defendant-Appellee.*

_____

**FOR PLAINTIFF-APPELLANT:**         DAVID ABRAMS, New York, NY.

**FOR DEFENDANT-APPELLEE:**         EMANUEL KATAEV, Milman Labuda Law Group PLLC, Lake Success, NY.

Appeal from an order and judgment, entered January 15, 2021, by the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

1

MANDATE ISSUED ON 03/01/2022

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 15, 2021 order and judgment of the District Court be and hereby are **AFFIRMED**.

Plaintiff Piyush Paleja appeals from an order and judgment of the District Court dismissing his claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.*, and denying his motion to amend his complaint. Paleja alleges that he was employed by Defendant KP NY Operations LLC over the course of six years and that though he "regularly worked in excess of 40 hours per week," he did not receive adequate overtime compensation. The District Court dismissed Paleja's FLSA claim under Rule 12(b)(6), declined to exercise supplemental jurisdiction over his NYLL claim, and denied his motion to amend his complaint to name a second defendant. *Paleja v. KP NY Operations LLC*, No. 20-CV-475 (AT), 2021 WL 148948, at *2 (S.D.N.Y. Jan. 15, 2021). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's dismissal of a complaint under Rule 12(b)(6) *de novo*. *See Com. Cleaning Servs., L.L.C. v. Colin Serv. Sys., Inc.*, 271 F.3d 374, 380 (2d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In addressing the sufficiency of a complaint we accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013).

The FLSA requires that an employee who works "in excess of" 40 hours per week be compensated for those overtime hours at a rate of no less than one and one-half times the "regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013). We have cautioned, however, that "[d]etermining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

In his operative complaint, Paleja alleges that he was "paid a salary which was subject to reduction based on the amount of work performed." App'x 10, ¶ 10. He further alleges that he "regularly worked in excess of 40 hours per week," and that "[a]lthough his total number of hours varied from week to week," in a "typical week" he would work "approximately 70 [sic] hours — 11am to 11pm, 6 days per week." *Id.* ¶ 9. More specifically, Paleja's complaint includes one

2

example, from "in or about the first week of September[] 2019" in which he "would have worked approximately 70 hours and was paid a salary of some $1400." *Id.* ¶ 11.

In light of these allegations, we find no error in the District Court's conclusion that Paleja failed to plausibly allege a claim for overtime under the FLSA. While Paleja may well have sufficiently pleaded that he worked more than 40 hours a week, properly stating an overtime claim under the FLSA additionally requires a plaintiff to allege that he was "uncompensated" for time worked "in excess of the 40 hours." *Lundy*, 711 F.3d at 114. The sole non-conclusory allegation concerning his compensation — that in one week in September 2019, he was paid "some" $1,400 for working "approximately" 70 hours — is not sufficient to meet that burden. Without, for example, alleging the "regular rate at which [Paleja] [was] employed," 29 U.S.C. § 207(a)(1),[1] Paleja failed to provide the District Court with allegations sufficient to allow for the reasonable inference that the $1,400 "payment failed to include overtime compensation," *Paleja*, 2021 WL 148948, at *2. While the facts alleged certainly leave open the possibility that Paleja was insufficiently compensated for overtime, the "mere *possibility* of misconduct" is not enough to make out a *plausible* claim. *See Iqbal*, 556 U.S. at 678 (emphasis added).

Paleja next protests the District Court's refusal to grant him leave to further amend his complaint. "We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on futility, in which case we review that legal conclusion *de novo*." *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014). Already having amended his complaint once, Paleja filed a motion before the District Court for leave to file a second amended complaint. But his proposed amendment failed to add any further allegations concerning his compensation (or lack thereof); instead, the proposed amendment sought only to name a second defendant in the action and consisted of allegations solely concerning that proposed defendant and Paleja's alleged relationship with him. The District Court correctly concluded that

---

[1] Citing 29 C.F.R. § 778.114 and pointing to the one example week from September 2019, Paleja alleges that his "regular rate" of pay can be calculated as $20 per hour (*i.e.*, $1,400 divided by 70 hours), and that for that week he is entitled to an additional $300 (*i.e.*, half the calculated regular rate — $10 per hour — multiplied by 30 hours of overtime). App'x 11, ¶ 11. The so-called fluctuating workweek ("FWW") method endorsed by 29 C.F.R. § 778.114 does indeed allow for the calculation of a "regular rate" in this manner. To apply the FWW method, however, an employee must "work[] hours that fluctuate from week to week" while "receiv[ing] a fixed salary that does not vary with the number of hours worked in the workweek." 29 C.F.R. § 778.114(a); *see Thomas v. Bed Bath & Beyond Inc.*, 961 F.3d 598, 608 (2d Cir. 2020) (describing a "guaranteed weekly wage as the central prerequisite for use of the FWW method"). Here, Paleja alleges that his "salary . . . was subject to reduction based on the amount of work performed," App'x 10, ¶ 10, meaning that he did *not* receive a guaranteed weekly salary and that the FWW method of calculating his regular rate of pay is therefore inapplicable.

Paleja's proposed amendments would be futile since they would not cure the pleading deficiencies that required the dismissal of his FLSA claim. *See Paleja*, 2021 WL 148948, at *2.

Insofar as Paleja now seeks leave from us to cure the substantive deficiencies in his FLSA claim — a request which he failed to make before the District Court, and which he makes in this Court without any explanation of *how* he would do so — we decline to remand the case and allow him a fourth opportunity to plead his FLSA claim. "A counseled plaintiff is not necessarily entitled to a remand for repleading whenever he has indicated a desire to amend his complaint." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) (per curiam). Paleja already had "ample opportunity to amend [his] complaint," and it is "'unlikely that the deficiencies . . . were unforeseen.'" *Banco Safra S.A.-Cayman Islands Branch v. Samarco Mineracao S.A.*, 849 F. App'x 289, 296 (2d Cir. 2021) (summary order) (quoting *City of Pontiac*, 752 F.3d at 188). "Especially given that [Paleja's] counsel did not advise the district court how the complaint's defects would be cured, upon all the facts of this case we find no abuse of discretion and decline to remand for repleading." *See Porat*, 464 F.3d at 276.

Finally, in light of the dismissal of his federal-law claim, we easily conclude that the District Court did not abuse its discretion by declining to exercise supplemental jurisdiction over Paleja's state-law claim. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Gorss Motels, Inc. v. Lands' End, Inc.*, 997 F.3d 470, 475 (2d Cir. 2021).

## CONCLUSION

We have considered all of Paleja's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the January 15, 2021 order and judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

4